IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>                Plaintiff,<br>v.<br><br>STEADFAST CONSTRUCTION, LLC,<br><br>                Defendant. | Civil Action No. 2:20-cv-150<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff David Hamilton, by and through his attorneys, Max B. Roesch, Esquire, and THE LINDSAY LAW FIRM, PC, brings this Complaint against Defendant Steadfast Construction and alleges as follows:

**I. INTRODUCTION**

1. In this lawsuit, Plaintiff seeks to recover unpaid wages, liquidated damages, and penalties under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Pennsylvania law.

**II. THE PARTIES**

2. Plaintiff David Hamilton is an adult individual who resides in Butler County, Pennsylvania.

3. Defendant Steadfast Custom Construction is a Pennsylvania Limited Liability Company headquartered in Butler County, with a business address of 350 Greater Butler Mart, Butler, Pennsylvania 16001.

4. At all relevant times, Defendant Steadfast Custom Construction was Plaintiff's "employer" within the meaning of the FLSA and applicable Pennsylvania laws.

1

5. At all relevant times, Defendant has been engaged in "commerce" as that term is defined in the FLSA. 29 U.S.C. § 203.

6. Defendant has had gross annual operating revenues in excess of $500,000.00.

7. Defendant is, and has at all relevant times been, an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333 *et seq*.

8. Brian Celender is the owner and operator of Defendant Steadfast Custom Construction.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1392, as the acts that give rise to these claims occurred in this District, and Defendant employed Plaintiff in, and regularly transact business in, this District.

### IV. FACTS

11. Defendant Steadfast Custom Construction, LLC ("Defendant" or "Steadfast") operates numerous a construction business in the Western Pennsylvania region.

12. From April 1, 2019 to October 22, 2019, Steadfast employed Plaintiff Hamilton to work as a skilled carpenter and project manager.

13. Defendant agreed to pay Plaintiff at the rate of $33.75 per hour.

14. Throughout his employment with Steadfast, Plaintiff worked a schedule of approximately 40 hours per week.

15. Steadfast issued Plaintiff a paycheck for the hours worked each week on the Friday of the week in which the hours were worked.

16. Defendant withheld Plaintiff's paycheck for the first week Plaintiff worked for Defendant.

17. On October 22, 2019, Plaintiff advised Celender that he was terminating his employment relationship with Steadfast.

18. Although Defendant owed Plaintiff a paycheck for the 40 hours Plaintiff had worked in the week preceding his termination of the employment relationship, Defendant refused to issue a paycheck.

19. Defendant owes Plaintiff $2,700 in unpaid wages.

20. Despite repeated attempts by Plaintiff to collect the pay due to him for his first and last weeks of work for Defendant, Defendant has refused to pay.

21. In short, Defendant refused to pay Plaintiff for all hours worked.

### COUNT I
### (Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*)
### (Minimum Wage)

22. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

23. Under the FLSA, Defendant was required to pay Plaintiff no less than $7.25/hour for all hours worked.

24. At all relevant times, Plaintiff has been entitled to the rights, protections, and benefits of the FLSA, 29 U.S.C. §§ 201 *et seq.*

25. As an enterprise engaged in interstate commerce with employees engaged in commerce, Defendant is subject to the FLSA's minimum wage requirements.

26. Defendant violated the FLSA by willfully failing to pay Plaintiff the minimum wage for all hours worked.

27. Plaintiff is therefore entitled to damages equal to the difference between (i) the minimum wage for all hours worked, and (ii) the lesser amount actually paid to Plaintiff.

28. Further, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid minimum wage, as described in FLSA Section 16(b), 29 U.S.C. § 216(b).

## COUNT II
### (Violation of Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333 *et seq.*)
### (Minimum Wage)

29. Plaintiff incorporates all allegations in the preceding paragraphs.

30. At all relevant times, Plaintiff and the Class were entitled to the rights, protections and benefits of the PMWA, 43 P.S. § 333 *et seq.*

31. The PMWA provides that employees shall be paid no less than the federal minimum wage for all hours worked. 43 P.S. § 333.104(a.1).

32. Defendant violated the PMWA by failing to pay Plaintiff the minimum wage for all hours worked.

33. Consequently, under the PMWA, Plaintiff is entitled to damages equal to the difference between: (i) the minimum wage for all hours worked, and (ii) the lesser amount actually paid to Plaintiff.

34. Plaintiff is also entitled, under the PMWA, to recover costs, reasonable attorneys' fees, and interest. 43 P.S. § 333.113.

## COUNT III
### (Violation of Wage Payment and Collection Act, 43 P.S. § 260.1 *et seq.*)

35. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

36. Defendant willfully failed to pay Plaintiff lawful wages for more than 30 days after his regularly scheduled paydays.

37. As a result, Plaintiff is entitled to liquidated damages in the amount of 25% of wages and benefits due, or $500, whichever is greater, in addition to any unpaid wages and benefits. 43 P.S. § 260.10.

38. Pursuant to 43 P.S. §260.9a, Plaintiff is also entitled to costs and reasonable attorneys' fees incurred in bringing this claim.

## COUNT IV
### (Restitution based upon Unjust Enrichment)

39. Plaintiff incorporates all allegations in the preceding paragraphs.

40. Plaintiff worked eighty hours without being paid the lawful minimum wage.

41. In Pennsylvania, an employer's failure to pay an employee for time worked may form the basis of an unjust enrichment claim. See, e.g., Braun v. Wal-Mart Stores, Inc., 24 A.3d 875 (Pa. Super. 2011); Lugo v. Farmer's Pride, Inc., 967 A.2d 963 (Pa. Super. 2009).

42. Defendant received a direct and substantial benefit from the work performed by Plaintiff, and Defendant unjustifiably retained wages lawfully due to him for such work.

43. Allowing Defendant to retain these wages is unjust since: it is not entitled to these funds, keeping them would be a substantial windfall; the amount is more than *de minimus*; and Defendant control these funds now only because it has long withheld wages due.

44. Accordingly, Plaintiff is entitled to restitution of his wages due and owing, and to such other relief as the Court deems fair and equitable.

## COUNT IV
### (Breach of Contract)

45. Plaintiff incorporates all allegations in the preceding paragraphs.

46. Plaintiff agreed to work for Defendant in exchange for wages in the amount of $33.75 per hour.

47. Plaintiff worked a total of 80 hour for which he received no remuneration.

48. Defendant breached the contract between Plaintiff and Defendant by failing to pay Plaintiff for all hours worked.

49. Accordingly, Plaintiff is entitled to damages for the hours he worked but received no remuneration, and to such other relief as the Court deems fair and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against Defendant as follows:

A.  On Count I (FLSA):

 (i) Declare that:
   a. Defendant violated the FLSA, 29 U.S.C. § 207, as to Plaintiff;
   b. Defendant's violations were willful;
   c. Plaintiff is entitled to be paid the lawful minimum wage for all hours worked;
   d. The amounts of unpaid wages to which Plaintiff is entitled are to be doubled as liquidated damages and awarded to them;

 (ii) Award Plaintiff damages in the amount of unpaid wages to be proven at trial;

 (iii) Award Plaintiff liquidated damages in an amount equal to the unpaid wages;

 (iv) Award reasonable attorneys' fees and costs;

B.  On Count II (PMWA):

 (i) Declare that Defendant violated the PMWA;

 (ii) Award damages to Plaintiff in the amount of unpaid wages according to proof at trial;

 (ii) Award Plaintiff pre-judgment interest at the highest rate, from and after the date of service of the initial complaint in this action, on all unpaid wages from the date such wages were earned and due;

 (iii) Award reasonable attorneys' fees and costs;

C.  On Count III (Violation of WPCL):

 (i) Declare that:
   a. Defendant violated the WPCL by failing to pay regular wages to Plaintiff;
   b. Defendant acted without good faith or reasonable grounds; and

6

    c. Plaintiff is entitled to liquidated damages;

 (ii) Award damages to Plaintiff in the amount of unpaid regular wages;

 (iii) Award liquidated damages to Plaintiff in an amount equal to 25% of unpaid regular and overtime wages, or $500, whichever is greater;

 (iv) Award reasonable attorneys' fees and costs;

D. Count IV (Restitution based upon Unjust Enrichment):

 (i) Award Plaintiff restitution in the amount of his unpaid regular wages and unpaid overtime wages, including interest thereon;

 (ii) Attorneys' fees and costs of the action;

 (iii) Pre- and post-judgment interest; and

 (iv) Such other relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and/or issues so triable.

Respectfully submitted,

Dated: January 31, 2020

*/s/Max B. Roesch*
Max B. Roesch, Esquire
PA ID No. 326577
max@lindsaylawfirm.com
**THE LINDSAY LAW FIRM, PC**
110 E. Diamond Street
Butler, PA 16001
T.: (724) 282-6600
F.: (724) 282-2672